UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VINCE PALMERI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | No. |
| | ) | |
| EAST-WEST UNIVERSITY, an Illinois corporation, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AT LAW**

NOW COMES Plaintiff, VINCE PALMERI by and through his attorneys, the Law Offices of Eugene K. Hollander, and for his Complaint At Law, states as follows:

**JURISDICTION**

1. This is a suit in equity authorized and instituted pursuant to the Age Discrimination in Employment Act of 1967, 29 U. S.C. Sec. 621 *et. seq*. ("ADEA")*,* and Title VII of the United States Code for Defendant's unlawful termination of his employment. Jurisdiction of this court is based upon a federal question, 28 U.S.C. Sec. 1331. The Jurisdiction of this court is invoked to secure protection of and to address deprivation of rights secured by 29 U.S.C. Sec. 621 *et. seq.,* 42 U.S.C. § 2000(e) – 2, and by 29 U.S.C. §201, providing for declaratory, injunctive and other relief for discrimination based upon age and gender.

2. Venue in this district is proper under 28 U.S.C. Sec.1391 (B). The Defendant resides or resided in this district and the events giving rise to Plaintiff's claims occurred here.

1

3. All conditions precedent to jurisdiction have occurred or been complied with, to-wit:

    a. A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC"), by Plaintiff VINCE PALMERI ("PALMERI"), on January 7, 2021, a copy of which is attached hereto as **Exhibit 1.**

    b. PALMERI was issued a notice of right to sue by the EEOC on August 10, 2021, a copy of which is attached hereto as **Exhibit 2**.

## PARTIES

4. PALMERI is a citizen of the United States and the State of Illinois and resides in Chicago, Cook County, Illinois.

5. PALMERI was a member of the protected class, age 50, and male, when the unlawful employment practices occurred.

6. PALMERI was an "employee" as that term is defined by Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b).

7. EAST-WEST UNIVERSITY is a private university and was Plaintiff's "employer" as defined in the ADEA and Title VII of the United States Code.

8. EAST-WEST UNIVERSITY is qualified to do business in the State of Illinois and is doing business in the State of Illinois.

## COUNT I
## ALLEGATIONS OF DISCRIMINATION BASED UPON ADEA – TERMINATION

9. Defendant, in violation of the provisions of 29 U.S.C. Sec. 621 *et. seq.* has denied and continues to deny PALMERI an equal opportunity for employment, because of age. Defendant has engaged in and is engaging in the following unlawful practices with the purpose and effect of denying PALMERI equal opportunity.

10. PALMERI began his employment with Defendant in or about February, 2018 as an Admissions Counselor.

11. Throughout his employment with EAST-WEST UNIVERSITY, up to and through PALMERI's discharge on March 21, 2020, PALMERI performed according to EAST-WEST UNIVERSITY's legitimate expectations.

12. On March 21, 2020, Defendant terminated Plaintiff's employment.

13. Defendant EAST-WEST UNIVERSITY retained substantially younger female employees with less qualifications than Plaintiff to perform his job, including, but not limited to Andrea Soleyn, Eve Haydt (early 20's), and Beatrice Ross (30's).

16. PALMERI was subjected to age discrimination in that there was a double standard set up between older employees and younger employees not included within the protected class.

17. Age was the determining factor in Plaintiff PALMERI's discriminatory treatment and the decision to terminate his employment. But for Plaintiff's age, he would not have been terminated. Defendant knew that the discriminatory treatment of Plaintiff on account of age violated the ADEA.

18. In terminating PALMERI, Defendant maliciously and/or recklessly violated the ADEA.

19. The unlawful employment practices alleged herein were committed within the State of Illinois.

20. This is a proceeding for a declaratory judgment as to Plaintiff's rights for a permanent injunction restraining Defendant from maintaining a policy, practice, custom or usage of discriminating against Plaintiff because of age with respect to compensation,

terms, conditions and privileges of employment and in ways that deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee, because of age. This complaint also seeks restitution to Plaintiff of all rights, privileges, benefits and income that would have been received by her, but for Defendant's unlawful and discriminatory practices.

21. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

22. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, VINCE PALMERI respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violative of the Age Discrimination in Employment Act;

2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not discriminate on the basis of age;

4

4. Immediately assign Plaintiff to that job he would now be occupying but for the discriminatory practices of Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which he would be enjoying but for the discriminatory practices of Defendant, or, if this is impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that he would have received but for the discriminatory practices of Defendant;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7. Award Plaintiff liquidated damages for Defendant's willful conduct; and

8. Grant such other relief as may be just and proper.

## COUNT II
## ALLEGATIONS OF DISCRIMINATION BASED UPON TITLE VII – TERMINATION

23. Plaintiff reincorporates and realleges Paragraphs 1 through 8 as though more fully set forth herein.

24. Defendant, in violation of the provisions of Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) – 2, has denied and continues to deny PALMERI an equal opportunity for employment, because of sex. Defendant has engaged in and is engaging in the following unlawful practices with the purpose and effect of denying PALMERI equal opportunity.

25. PALMERI began his employment with Defendant in or about February, 2018 as an Admissions Counselor.

26. Throughout his employment with EAST-WEST UNIVERSITY, up to and through PALMERI's discharge on March 21, 2020, PALMERI performed according to EAST-WEST UNIVERSITY's legitimate expectations.

27. On March 21, 2020, Defendant terminated Plaintiff's employment.

28. Defendant EAST-WEST UNIVERSITY retained female employees with less qualifications than Plaintiff to perform his job, including, but not limited to Andrea Soleyn, Eve Haydt, and Beatrice Ross.

29. PALMERI was subjected to gender discrimination in that there was a double standard set up between male employees and female employees not included within the protected class.

30. Sex was the determining factor in Plaintiff PALMERI's discriminatory treatment and the decision to terminate his employment. But for Plaintiff's sex, he would not have been terminated. Defendant knew that the discriminatory treatment of Plaintiff on account of age violated Title VII of the United States Code.

31. In terminating PALMERI, Defendant maliciously and/or recklessly violated Title VII of the United States Code.

32. The unlawful employment practices alleged herein were committed within the State of Illinois.

33. This is a proceeding for a declaratory judgment as to Plaintiff's rights for a permanent injunction restraining Defendant from maintaining a policy, practice, custom or usage of discriminating against Plaintiff because of sex with respect to compensation, terms, conditions and privileges of employment and in ways that deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee,

because of gender. This complaint also seeks restitution to Plaintiff of all rights, privileges, benefits and income that would have been received by her, but for Defendant's unlawful and discriminatory practices.

34. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

35. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, VINCE PALMERI respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violative of Title VII of the United States Code;

2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not discriminate on the basis of gender;

4. Immediately assign Plaintiff to that job he would now be occupying but for the discriminatory practices of Defendant, and adjust the wage rates,

salaries, bonuses, and benefits for Plaintiff to those which he would be enjoying but for the discriminatory practices of Defendant, or, if this is impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that he would have received but for the discriminatory practices of Defendant;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7. Award Plaintiff compensatory damages for the injuries that he has sustained;

8. Award Plaintiff punitive damages for Defendant's willful conduct; and

9. Grant such other relief as may be just and proper.

VINCE PALMERI,
**Plaintiff,**

/s/ Eugene K. Hollander
One of his attorneys

Eugene K. Hollander
Paul M. Ryan
**The Law Offices of Eugene K. Hollander**
230 W. Monroe
Suite 1900
Chicago, IL 60606
(312)-425-9100
ehollander@ekhlaw.com
pryan@ekhlaw.com

8

# EXHIBIT 1

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

AGENCY: ☐ FEPA  ☒ EEOC

CHARGE NUMBER

Illinois Department of Human Rights _____ and EEOC
*State or local Agency, if any*

**NAME** (Include Mr., Ms., Mrs.): Vince Palmeri
**HOME TELEPHONE** (Include Area Code): 773-814-7053
**STREET ADDRESS**: 305 W. 29th Street, 1st Floor
**CITY, STATE AND ZIP CODE**: Chicago, IL 60616
**DATE OF BIRTH**: 6/27/69

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below)*

**NAME**: East West University
**NUMBER OF EMPLOYEES, MEMBERS**: 15+
**TELEPHONE**: 312-939-0111
**STREET ADDRESS**: 816 South Michigan Ave., Chicago, IL 60605
**COUNTY**: Cook

**CAUSE OF DISCRIMINATION BASED ON** *(Check appropriate box(es))*:
☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☒ AGE ☐ DISABILITY ☐ OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
EARLIEST (ADEA/EPA): 3/21/2020
LATEST (ALL): 3/21/2020
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

I. I was previously employed by Respondent as an Admissions Advisor.

II. On March 21, 2020, Respondent terminated by employment.

III. At the time of my termination, I was in the protected class, male, and I was over 40 years of age.

IV. I believe that I was terminated on the basis of my sex, male, and my age, in that Respondent terminated me for no reason and replaced me with female employees who had less experience than I did.

☐ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge, in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Charging Party Signature     Date: 1/5/21

NOTARY. (when necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT     DATE

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

# EXHIBIT 2

EEOC Form 161 (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**DISMISSAL AND NOTICE OF RIGHTS**

To: Vince Palmeri
c/o Eugene K. Hollander
The Law Offices of Eugene K. Hollander
230 West Monroe Street, Suite 1900
Chicago, IL 60606

From: Chicago District Office
230 S. Dearborn
Suite 1866
Chicago, IL 60604

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2021-01698 | Fatima Sandoval, Investigator | (312) 872-9682 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman/np*     8/10/2021

Enclosures(s)

**Julianne Bowman,
District Director**

*(Date Issued)*

cc: **EAST WEST UNIVERSITY**
c/o Scott A. Gore
Laner Muchin Ltd.
515 N State St., Suite 2800
Chicago, IL 60654

Enclosure with EEOC
Form 161 (11/2020)

## Information Related to Filing Suit
## Under the Laws Enforced by the EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**Private Suit Rights** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued*** to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**Private Suit Rights** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**Attorney Representation** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**Attorney Referral and EEOC Assistance** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*If you file suit, please send a copy of your court complaint to this office.*